# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE COTTA, individually and as representative of the Estate of John Cotta and as *guardian ad litem* for Madison Cotta; and Madison Cotta, a minor represented by *guardian ad litem* Yvonne Cotta,<br><br>Plaintiff,<br><br>v.<br><br>DAVE ROBINSON, Sheriff, *et al.*,<br><br>Defendants. | Case No. 1:13-cv-00359-LJO-SMS<br><br>ORDER DENYING DFENDANTS' MOTION FOR RECONSIDERATION<br><br><br><br>(Doc. 21) |

On June 24, 2013, this Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's complaint. Defendants now move for reconsideration, repeating their arguments that (1) Plaintiff Yvonne Cotta lacks standing to bring claims as legal representative of the Estate of John Cotta; (2) Plaintiffs failed to comply with the notice requirements of the California Tort Claims Act (Cal. Gov. Code § 815); and (3) claims against public employees for negligent training, supervision, or control are improper as a matter of law.

**Bases for Granting Reconsideration.** A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment. *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982), *cert. denied*, 460 U.S. 1070 (1983). "Nothing in the Rules limits the

1

power of the court to correct mistakes made in its handling of the case so long as the court's jurisdiction continues, i.e., until the entry of judgment." *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973). "[A]ll interlocutory orders remain subject to modification of judgment prior to the entry of a final judgment adjudicating the claims to which they pertain." *Farrish v. Town of East Hartford*, 2 Fed.Appx. 110, 111 (2d Cir. 2001). *See also Liberty Media Corp v. Vivendi Universal, S.A.*, 842 F.Supp.2d 587, 593 (S.D.N.Y. 2012) (Court appropriately vacated consolidation order as improvidently granted when unanticipated prejudice to party became apparent, leading to a result that was inconsistent with justice).

Although the Federal Rules of Civil Procedure are silent regarding reconsideration of interlocutory orders,[1] a party's motion for reconsideration must comply with the applicable provisions of the Local Rules. *Network Signatures, Inc. v. ABN-AMRO, Inc.*, 2007 WL 7601871 at *1 (C.D. Cal. April 10, 2007) (No. SACV 06-629 JVS (RNBx)). Under Loc. R. 230(j), the movant must identify the order for which reconsideration is sought, specifying "what new or different facts of circumstances are claimed to exist which did not exist and were not shown upon such prior motion, or what other grounds exist for the motion."

Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), *quoting* 12 James Wm. Moore, Moore's Federal Practice § 59.30[4] (3d ed. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Kona Enterprises*, 229 F.3d at 890, *quoting 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). "[A] motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief." *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Using a reconsideration motion to reargue the points that the judge rejected in the original order is improper. *American Ironworks & Erectors, Inc. v. North American Constr. Corp.*, 248 F.3d 892,

---

[1] Rules 59(e) and 60 address only final judgments. *See* F.R.Civ.P. 59(e); F.R.Civ.P. 60; *Raffe v. American Nat'l Red Cross*, 2012 WL 140412 at *1 (N.D.N.Y. Jan. 18, 2012) (No. 5:08-cv-00211).

899 (9th Cir. 2001). A party cannot have relief merely because he or she is unhappy with the judgment. *See, e.g., Khan v. Fasano*, 194 F.Supp.2d 1134, 1136 (S.D.Cal. 2001). In this case, Defendants contend that the Court's determinations in the June 24, 2013 order constituted a "clear error of law." Doc. 21-1 at 2.

**Mrs. Cotta's Standing.** In the June 24, 2013 order, the Court stated, "Evaluating the complaint in the light most favorable to Plaintiff and declining to credit Defendants' ungrounded speculation about the estate's possible status, this Court declines to conclude that Mrs. Cotta lacks standing to bring claims on behalf of Cotta's estate." It noted Plaintiffs' objection that, pursuant to F.R.Civ.P. 9(a), they need not allege Mrs. Cotta's capacity to sue, whether personally or ion a representative capacity.

Undeterred by the Federal Rules of Civil Procedure and the applicable standard for reviewing motions to dismiss, Defendants now repeat their argument, speculating that Mrs. Cotta lacks standing to bring this action since she is neither decedent's personal representative nor his successor in interest. They again contend that Mrs. Cotta failed to plead sufficient non-conclusory facts to establish her standing as Cotta's personal representative under California law. Because Defendants have failed to articulate a clear legal error, but have merely repeated their prior arguments, the Court denies their motion for reconsideration of Mrs. Cotta's standing to bring this suit as the legal representative of Cotta's estate.

**Compliance with Government Code.** Defendants repeat their argument, first raised in their reply brief, that because no guardian *ad litem* represented Plaintiff Madison Cotta in her notice of claim pursuant to Cal Gov. Code § 945.4. The Court refused to consider Defendants' arguments, which were first raised in the reply brief, and added that the notice given on behalf of Madison substantially complied with the requirements and was within the policy considerations of the notice requirement, all that was required under *Johnson v. San Diego Unified School District*, 217 Cal.App.3d 692, 697 (1990). Defendants now repeat their prior untimely arguments. Because Defendants have failed to articulate a clear legal error, but have merely repeated their prior arguments, the Court denies their motion for reconsideration of Mrs. Cotta's standing to bring this suit as the legal representative of Cotta's estate.

**Negligent Training, Supervision, and Leadership.**  Plaintiffs repeat their prior argument that a claim against a public entity employee for negligent training, supervision, or control is improper as a matter of law.  Because Plaintiff failed to allege a cognizable claim against either the county or its employees, the Court did no more than summarize the nature of the claim and dismiss the applicable portions of the complaint with leave to amend.  The Court does not elect to reconsider its prior order since it need not address the issue until Plaintiff actually alleges an otherwise cognizable claim.

**First Amended Complaint.**  Finally, the Court notes that, since the June 24, 2013 order granted Plaintiff the right to amend, a motion for reconsideration is, at best, unripe, and at worst, frivolous or brought with the purpose of harassing Plaintiffs.  Defendants retain the ability to again move to dismiss if Plaintiffs are unable to allege cognizable claims in their amended complaint, which has already been filed with the Court.  Defendants are cautioned to avoid taxing the resources of Plaintiffs and the Court through excessive or unnecessary motion practice.

**Summary and Order.**  Granting the extraordinary relief of reconsideration of an interlocutory order is inappropriate when Defendants merely restate their earlier arguments, particularly when they will have an additional opportunity to pursue dismissal, if they conclude that it remains appropriate, following Plaintiffs' filing of their amended complaint.  Accordingly, the Court hereby DENIES Defendants' motion for reconsideration of its June 24, 2013 order.

IT IS SO ORDERED.

Dated:   **August 14, 2013**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE