James J. Arendt, Esq.   Bar No. 142937
Roy C. Santos, Esq.     Bar No. 259718

Weakley & Arendt, LLP
1630 East Shaw Ave., Suite 176
Fresno, California 93710
Telephone: (559) 221-5256
Facsimile: (559) 221-5262
James@walaw-fresno.com
Roy@walaw-fresno.com

Attorneys for Defendants, COUNTY OF KINGS and SERGEANT SHARI HENDERSON

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YVONNE COTTA, individually and as representative of the ESTATE OF JOHN COTTA; MADISON COTTA, a minor represented through her parent and legal representative/guardian NATALIE POHL,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF KINGS; SHERIFF DAVE ROBINSON; ASSISTANT SHERIFF DAVE PUTNAM; SGT. S. HENDERSON; DOES 1 through 30,<br><br>Defendants. | CASE NO. 1:13-CV-00359-LJO-SMS<br><br>STIPULATED PROTECTIVE ORDER |

IT IS HEREBY STIPULATED between the parties, through their respective counsel, and ordered by this Court, that the following documents will be disclosed pursuant to this stipulation and protective order:

   1.   Autopsy photographs (D 0001-0141).

   2.   Post mortem photographs of John Cotta taken in jail cell (D 0142-0291).

   3.   Kings County Sheriff's Department Classification records relating to John Cotta and Heath Parnell (D 0603-0609).

   4.   Kings County Sheriff's Department Classification policies (D 0718-0765).

   5.   Kings County Sheriff's Department Cell Check policy (D 0766-0769).

/ / /

---

Stipulated Protective Order

1

The above-named documents which are maintained by the Kings County Sheriff's Office and requested by the parties through discovery, may be disclosed to counsel for the parties pursuant to the protective order detailed below.  The documents requested are deemed confidential.  The release of these documents pursuant to this Stipulation and Protective Order does not waive the confidentiality privilege protecting the above-named documents from general disclosure.

Based on the foregoing, IT IS HEREBY STIPULATED:

1.  The "Confidential" documents, and the information contained therein, shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation.  The party producing the documents described above may designate them by affixing a mark labeling the documents as "Confidential Material Subject to Protective Order, Cotta v. County of Kings, USDC Case No. 1:13-CV-00359-LJO-SMS" provided that such marking does not obscure or obliterate the content of any document.  In the event an issue arises regarding a document's designation, the parties will attempt to resolve it informally before seeking the Court's intervention.

2.  The documents identified in this protective order may be disclosed only to the following persons:

a)  the counsel for any party to this action;

b)  paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

c)  court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

d)  any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

e)  any in-house expert designated by defendants to testify at trial in this matter;

f)  witnesses may have the information disclosed to them during deposition proceedings; the witnesses shall agree to be bound by the provisions of paragraph 3;

g)  the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel;

h)  the named parties in this action may review the confidential documents identified in this protective order but may not receive or retain any copies thereof.

/ / /

3.       Each person to whom the "confidential" documents or any portion thereof is provided, with the exception of counsel who are presumed to know of the contents of this protective order shall, prior to the time of disclosure, be provided by the person furnishing him/her such information, a copy of this order, and shall consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt.  The parties' attorneys shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given.  Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court.  Should the case proceed to trial, the designation and treatment of the confidential information will be revisited.  This stipulation and protective order shall not be used as a basis for excluding any evidence at the trial of this matter.

4.       Confidential information and/or documents that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Eastern District of California Local Rules 141 and 141.1 relating to under seal filings.  Any document filed with the Court that includes confidential information shall be submitted under sealed label with a cover sheet as follows: "This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order."  Such document shall be kept by the Court under seal and made available only to the Court or counsel.

5.       Should any document designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the County of Kings of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

6.       After the conclusion of this litigation, the documents, in whatever form stored or reproduced, containing "confidential" information will remain confidential, and if filed with the Court, shall remain under seal.  All parties also ensure that all persons to whom "confidential" documents were disclosed shall destroy those documents, including any form of digital/electronic media the documents are contained in.  The conclusion of this litigation means termination of the case following applicable post-trial motions, appeal and/or retrial.  After the

conclusion of this litigation, all confidential documents received under the provisions of this Protective Order, including all copies made, shall be destroyed.

Dated: February 24, 2014						WEAKLEY & ARENDT, LLP

							By:	/s/ James J. Arendt
								James J. Arendt
								Roy C. Santos
								Attorneys for Defendants

Dated: February 24, 2014						LAW OFFICES OF KEVIN G. LITTLE

							By:	/s/ Kevin G. Little
								Kevin G. Little
								Attorney for Plaintiffs

**ORDER**

Notwithstanding any language in this stipulation that could be interpreted to the contrary, the later sealing in the record of any document set forth in this stipulation shall require the proponent of sealing to follow, in full, the procedure set forth in Local Rule 141.

DATED: 2/26/2014						/s/ SANDRA M. SNYDER
								UNITED STATES MAGISTRATE JUDGE