**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE COTTA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOHN COTTA, AND AS GUARDIAN AD LITEM FOR MADISON COTTA; MADISON COTTA, A MINOR REPRESENTED BY GUARDIAN AD LITEM YVONNE COTTA,<br><br>Plaintiffs,<br><br>v.<br><br>KINGS COUNTY; SHERIFF DAVE ROBINSON; ASSISTANT SHERIFF DAVE PUTNAM; SGT. S. HENDERSON; DOES 1-30,<br><br>Defendants. | Case No. 1:13-cv-00359-LJO-SMS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ABATEMENT AND GRANTING PLAINTIFFS'MOTION FOR LEAVE TO AMEND.<br><br>(Doc. Nos. 38 and 41) |

Before the Court in the above-styled and numbered cause of action are Defendants' Motion for Abatement of Plaintiff Madison Cotta's Wrongful Death Claim, filed February 21, 2014 (Clerk's Doc. No. 38); "Plaintiffs' Opposition to Defendants' Motion for Abatement of Wrongful Death Claim; Request for Leave to File Second Amended Complaint," filed March 10, 2014 (Clerk's Doc. No. 41; to which Plaintiff appended as Exhibit C a proposed Second Amended Complaint, Clerk's Doc. No. 41-4); and Defendants' Reply to Plaintiffs' Opposition to their Motion

1

for Abatement of Plaintiff Madison Cotta's Wrongful Death Claim (Clerk's Doc. No. 45).  Having considered the motions and governing law, the Court will deny Defendants' motion for abatement and grant Plaintiffs' request for leave to amend.

## I. Background

Plaintiffs filed the original complaint on March 12, 2013, bringing a wrongful death/negligence action against Defendants.  Parties agree that the named plaintiff, Madison Cotta, is not the only heir of the decedent.  An additional heir ("KC"), a minor living in New York State, exists.  KC was not mentioned in the original complaint.  Defendants contend that abatement is appropriate because there can be only one action for wrongful death in which all heirs are required to join.  Plaintiffs concede that KC is an additional heir, but highlight their inability to incorporate KC in prior pleadings because of her past reluctance to participate in this action.  Plaintiffs describe their continued efforts to garner KC's cooperation.  The parties have each had some contact with KC's mother, who has made plain her concerns about KC's involvement in this action.  More recently, however, KC's mother has agreed to limited participation, and will now permit KC to be named as an heir in the wrongful death claim.  Plaintiffs, in light of this recent development, request leave to amend the complaint in order to cure the defect about which Defendants complain.

## II. Legal Standard

In general, a court should liberally allow a party to amend its pleading. *See* FED.R.CIV.P. 15(a); *see also Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001) (*quoting Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("[L]eave to amend 'shall be freely given when justice so requires.'").  Whether a motion to amend should be granted is within the discretion of the district court.  *Foman,* 371 U.S. at 182.  Courts may decline to grant leave to amend only if there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Id.* "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003).

### III.  Discussion

These considerations weigh in favor of granting leave to amend here. *See, e.g., Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117-18 (9th Cir. 2013). As a general rule, leave to amend should be granted unless the complaint cannot be saved by any amendment. *See, e.g., Polich v. Burlington Northern, Inc.,* 942 F.2d 1467, 1472 (9th Cir.1991).

Defendants contend that abatement is the appropriate remedy where KC, an additional heir, is not included in the wrongful death action. Plaintiffs' proposed Second Amended Complaint demonstrates that Plaintiffs are able to cure the defect about which Defendants complain because the amended complaint incorporates KC as an heir and would make Yvonne Cotta the decedent's personal representative on behalf of the heirs, including KC. *See* CAL. CIV. PROC. § 377.60; *Adams v. Superior Court*, 196 Cal.App.4th 71, 77-78 (2011); *Scott v. Thompson*, 184 Cal.App.4th 1506, 1511 (2010); *Gordon v. Reynolds*, 187 Cal.App.2d 472, 474 (1960). A personal representative of the deceased's estate may maintain a wrongful death action on behalf of the decedent's heirs as "a statutory trustee to recover damages for the benefit of the heirs." *Adams*, 196 Cal.App.4th at 77. Indeed, it is preferable under circumstances such as this – where the additional heir is not willing to join as a plaintiff – to have the estate representative pursue the wrongful death claim on behalf of the heirs. *Id.* at 78, n. 8. Defendants do not attack Yvonne Cotta's status as estate representative. For these reasons, the Court concludes that denial of leave to amend for futility is inappropriate.

Nor do any of the other *Foman* factors weigh against granting leave to amend. The proposed amended complaint will not impact discovery or the existing scheduling order. "The mere fact that an amendment is offered late in the case ... is not enough to bar it." *United States v.*

*Webb,* 655 F.2d 977, 980 (9th Cir.1981) (*quoting* 3 Moore's Federal Practice § 15.08(4) at 15–102). Rather than delay resolution, the proposed amended complaint would cure the defect and will allow the case to proceed with greatest efficiency. Defendants do not argue, and the Court does not find, that the proposed amended complaint is offered frivolously or for an improper purpose. Defendants would not be prejudiced because they should be "fully prepared to litigate the substantive issues" of the claim, given that both the theory and the operative facts of the claim remain the same. *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.,* 648 F.2d 1252, 1254 (9th Cir.1981). Finally, there is no evidence or allegation of "undue delay, bad faith or dilatory motive" over the course of these proceedings. *Foman,* 371 U.S. at 182.

### IV. Conclusion and Order

For all of these reasons, the Court concludes that Defendants' motion for abatement should be denied and Plaintiffs should be given leave to amend their complaint.

**IT IS HEREBY ORDERED** that Defendants' Motion for Abatement (Clerk's Doc. No. 38) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Amend (Clerk's Doc. No. 41) is **GRANTED**, and the Clerk's Office is **DIRECTED** to docket Plaintiffs' Exhibit C (Clerk's Doc. No. 41-4), as Plaintiffs' Second Amended Complaint**.**

IT IS SO ORDERED.

Dated: **May 28, 2014**          /s/ Sandra M. Snyder
                                 UNITED STATES MAGISTRATE JUDGE

4