# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE COTTA, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOHN COTTA AND AS *GUARDIAN AD LITEM* FOR MADISON COTTA; AND MADISON COTTA, A MINOR REPRESENTED BY *GUARDIAN AD LITEM* YVONNE COTTA,<br><br>Plaintiffs,<br><br>v.<br><br>DAVE ROBINSON, Sheriff, *et al.*,<br><br>Defendants. | Case No. 1:13-CV-00359-LJO-SMS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT.<br><br><br>(Doc. 48) |

On June 24, 2013, this Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's complaint (Doc. 17). Subsequently, Defendants moved for reconsideration, repeating their arguments that (1) Plaintiff Yvonne Cotta lacks standing to bring claims as legal representative of the Estate of John Cotta; (2) Plaintiffs failed to comply with the notice requirements of the California Tort Claims Act (Cal. Gov. Code § 815); and (3) claims against public employees for negligent training, supervision, or control are improper as a matter of law. By its May 28, 2014 Order (Doc. 46), this Court granted Plaintiffs' request to file a Second Amended Complaint, which they did on that same date (Doc. No. 47). Now before the Court in the above-styled and numbered cause of action is Defendants' "Motion to Dismiss Plaintiffs' Second

1

Amended Complaint Wrongful Death-Negligence Claims," filed June 11, 2014 (Doc. 48), by which Defendants repeat those same or similar arguments.

## I. BACKGROUND

Factual Background[1]

According to the complaint, on June 29, 2010, Plaintiffs' decedent, John Cotta,[2] was a passenger in a car driven by Heath Parnell, a wanted parolee. After being spotted by police, Parnell led officers on a high speed chase through Kings County, which ended when police shot and wounded Parnell. Cotta surrendered and subsequently made at least two statements to investigators that inculpated Parnell.

Pending trial, Parnell and Cotta were confined in the Kings County jail. Because of the serious charges against him, Cotta was initially recommended for administrative segregation and protective custody. But since he had no history of violence or gang connections, on July 6, 2010, Defendant Sgt. S. Henderson ordered Cotta's placement in the jail's general population.

In February 2011, following pressure and intimidation from Parnell, Cotta asked to be celled with Parnell. Plaintiffs allege that Parnell wanted to minimize the likelihood of Cotta's cooperating with authorities or testifying against Parnell. Henderson approved the request but expressed skepticism. Parnell, who had a history of violent crime and a known association with Hell's Angels, had been cited for ten jail offenses; Cotta had been cited for five.

On January 16, 2012, Henderson approved continued housing of Cotta and Parnell in the same cell despite multiple jail offenses. Although Henderson warned Cotta and Parnell that further infractions would result in their being separated, they remained in the same cell until Cotta's death.

As Cotta and Parnell's joint trial approached, tensions between them increased. Their cell pod panic buttons tripped approximately thirty times. Reports indicated that Parnell's behavior was

---

[1] This factual background is taken from the Court's June 24, 2013 Order (Doc. 17).
[2] In this Order, all references to "Cotta" will be to John Cotta, Plaintiffs' decedent.

2

increasingly erratic through trial and while awaiting sentencing. Nonetheless, the co-defendants' custody status was never investigated or assessed.

In March 2012, Cotta and Parnell were tried jointly with separate juries. Ninety percent of the evidence was admitted against both defendants. Although Cotta did not testify against Parnell, his defense – that Parnell was the primary actor and Cotta an unwilling participant – was adverse to Parnell's defense.

The juries convicted both co-defendants. Scheduled to be sentenced on April 24, 2012, Parnell faced 180 years to life, plus ten years. On April 23, 2012, despite frequent rounds and audio monitoring, jail guards found Cotta dead in the cell he shared with Parnell, amidst evidence of trauma and violence.

Procedural History[3]

On July 30, 2012, the Estate of John Cotta, by its personal representative Yvonne Cotta, filed a claim for damage or injury with the County of Kings. On September 14, 2012, the Estate of John Cotta, Yvette Cotta, Yvonne Cotta, and Madison Marie Cotta submitted a claim pursuant to California Government Code Section 910 to Kings County.[4] Plaintiffs filed a complaint in this Court on March 12, 2013. On April 8, 2013, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court granted in part and denied in part.

Defendants then moved for reconsideration on July 8, 2013 (Doc. 21), which the Court denied (Doc. 29). On July 5, 2013, the Court granted Plaintiffs' application for the appointment of Yvonne Cotta as guardian ad litem for Madison Cotta (Doc. 20). Plaintiffs filed their First Amended Complaint on August 4, 2013 (Doc. 26). The Court granted Defendants an extension of time to file their response to Plaintiffs' amended complaint (Doc. 34). Defendants filed their

---

[3] This procedural background is taken in part from the Court's May 28, 2014 Order (Doc. 46).
[4] Yvonne Cotta is Cotta's mother as well as the legal representative of the Estate of John Cotta; Madison Marie Cotta is Cotta's sole surviving minor child, represented by her mother, Natalie Pohl. The record does not disclose the identity of Yvette Cotta, who is not a plaintiff in this action.

3

answer to the first amended complaint on August 23, 2013 (Doc. 35).  The Court rendered its scheduling order on September 5, 2013 (Doc. 37).

Defendants filed a Motion for Abatement of Plaintiff Madison Cotta's Wrongful Death Claim on February 21, 2014 (Doc. 38).  In their opposition, Plaintiffs requested leave to amend the complaint (Doc. 41).  Parties agree that the named plaintiff, Madison Cotta, is not the only heir of the decedent.  An additional heir ("KC"), a minor living in New York State, exists.  However, KC was not mentioned in the original complaint.  Defendants argued that abatement is appropriate because there can be only one action for wrongful death in which all heirs are required to join.

Plaintiffs concede that KC is an additional heir, but highlight their inability to incorporate KC in prior pleadings because of her past reluctance to participate in this action.  Plaintiffs describe their continued efforts to garner KC's cooperation.  The parties have each had some contact with KC's mother, who has made plain her concerns about KC's involvement in this action.  Recently, however, KC's mother has agreed to limited participation, and will now permit KC to be named as an heir in the wrongful death claim.  Plaintiffs, in light of this recent development, filed a second amended complaint in order to cure the defect about which Defendants complained.

The Court denied Defendants' motion for abatement and granted Plaintiffs leave to amend their complaint (Doc. 46).  On May 28, 2014, Plaintiffs filed their Second Amended Complaint (Doc. 47).

Now before the Court are Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 48), and the parties' cross-briefs (Docs. 50, 51).  The motion is ripe for consideration.

**II.    LEGAL STANDARDS**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint.  "The focus of a Rule 12(b)(6) dismissal

4

. . . is the complaint." *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). Dismissal is proper when the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When evaluating a motion to dismiss for failure to state a claim, a court generally accepts the allegations of the complaint as true, construes the complaint in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (*internal citations omitted*). Bare assertions amounting to nothing more than a 'formulaic recitations of the elements' are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 681. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir.

2003) (*citation omitted*).  A court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal. 1998).  In practice, "a complaint . . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562, *quoting Cart Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985).  To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be granted leave to amend.  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (*citations omitted*).

       The Court repeats that in Defendants' numerous challenges to the complaint, they minimize the complaint's factual allegations, draw negative inferences of the alleged facts, and introduce facts not set forth in the complaint, urging a standard of review more appropriate for a summary judgment motion under Rule 56.  Plaintiffs do not have a burden of proof at the pleading stage.  A motion to dismiss under Rule 12(b)(6) evaluates only whether the factual allegations of the pleadings are sufficient to state a plausible claim.  The Court's role is not to weigh evidence or resolve legal disputes, but simply to determine whether Plaintiffs have alleged adequate facts to state prima facie (cognizable) claims.

## III.  ANALYSIS

       California law permits only one action for wrongful death. *Cross v. Pacific Gas & Elec. Co.,* 60 Cal.2d 690, 694, 36 Cal.Rptr. 321, 388 P.2d 353 (1964).  All heirs are necessary parties and "plaintiff heirs have a mandatory duty to join all known omitted heirs in the 'single action' for wrongful death.  If an heir refuses to participate in the suit as a plaintiff, he or she may be named as a defendant so that all heirs are before the court in the same action.  An heir named as a defendant in a wrongful death action is, in reality, a plaintiff." *Ruttenberg v. Ruttenberg,* 53 Cal.App.4th 801,

808, 62 Cal.Rptr.2d 78 (1997).  An heir, though named as a nominal defendant, may recover against the wrongful death action plaintiffs if the nominal defendant is not properly joined in the action.  *Id.*  If the heir is not named in the wrongful death action, but the defendants are on notice of the omitted heir, the "one-action" rule cannot be invoked to prevent further liability being imposed on the defendants.  In sum, it behooves all parties to ensure that KC is a party to this action.

Defendants also observe that under California law "a minor must be represented by a guardian ad litem in court proceedings" (Doc. 48-1 at 7), and "nobody has been appointed as [KC's] guardian ad litem."  (Doc. 48-1 at 4).  However, Defendants overlook that a minor child need only "*appear* either by a guardian or conservator of the estate or by a guardian ad litem appointed by the court in which the action or proceeding is pending" (CAL. CODE CIV. PROC. § 372); there is no requirement that the child's representative be named in the complaint.  In other words, failure to name the child's representative at the outset of the action does not require the Court to dismiss the complaint.  Indeed, California Code of Civil Procedure section 373 allows time for the child to apply to the court for appointment of satisfactory representation.

Moreover, by their Second Amended Complaint, Plaintiffs have cured the defect about which Defendants complain because the amended complaint incorporates KC as an heir and would make Yvonne Cotta the decedent's personal representative on behalf of the heirs – including KC. *See* CAL. CODE CIV. PROC. § 377.60; *Adams v. Superior Court*, 196 Cal.App.4th 71, 77-78 (2011); *Scott v. Thompson*, 184 Cal.App.4th 1506, 1511 (2010); *Gordon v. Reynolds*, 187 Cal.App.2d 472, 474 (1960).  A personal representative of the deceased's estate may maintain a wrongful death action on behalf of the decedent's heirs as "a statutory trustee to recover damages for the benefit of the heirs." *Adams*, 196 Cal.App.4th at 77.  Indeed, it is preferable under circumstances such as this – where the additional heir is not willing to join as a plaintiff – to have the estate representative[5]

---

[5] The Court has previously determined that Yvonne Cotta's status as estate representative is not at issue.  *See* Docs. 17 & 29.

pursue the wrongful death claim on behalf of the heirs. *Id.* at 78, n. 8.  Significantly, in a prior order, the Court already determined that KC may be represented as one of the estate heirs by the state representative for purposes of her wrongful death claim. *See* Doc. 46 at 3.  The Court declines the invitation to reconsider.

For at least the third time Defendants speculate as to Mrs. Cotta's status and argue that she is not the legal representative of Cotta's estate.  The Court has twice before explicitly declined to dismiss the action on these grounds.  For the reasons set forth in the Court's June 24, 2013 Order (Doc. 17), and August 15, 2013 Order (Doc. 29), this Court will – again – deny Defendants' motion to dismiss on this basis.

After Plaintiff filed a first amended complaint, Defendants moved to dismiss.  The Court denied the motion in part and granted in part, with leave to amend.  Defendants moved for reconsideration, repeating the arguments from their motion to dismiss.  The Court denied the motion for reconsideration, noting that Defendants' motion was "at best, unripe, and at worst, frivolous or brought with the purpose of harassing Plaintiffs."  The Court warned Defendants that additional motions presented for improper purposes, such as harassment, delay, and inflation of litigation costs, would subject them to sanctions. *See* FED. R. CIV. P. 11.  Defendants are – again – reminded to avoid taxing the resources of Plaintiffs and the Court through excessive or unnecessary motion practice.  Because, here again, Defendants move to dismiss Plaintiffs' complaint on the basis of standing and *guardian ad litem* issues, matters previously before the Court.

The Court concludes that the facts as alleged in Plaintiffs' Second Amended Complaint are sufficient to survive a 12(b)(6) motion to dismiss.

//

//

//

## IV. CONCLUSION AND ORDER

Accordingly, the Court hereby **DENIES** Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 48).

**IT IS SO ORDERED.**


**DATED: 8/27/2014**                    /s/ SANDRA M. SNYDER
                                        **UNITED STATES MAGISTRATE JUDGE**