UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE COTTA, individually and as a representative of the ESTATE OF JOHN COTTA, and MADISON COTTA, a minor represented by guardian ad litem YVONNE COTTA,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KINGS and SGT. SHARI HENDERSON, Does 1 through 30,<br><br>Defendants. | 1:13-cv-359-LJO-SMS<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. 76) OF MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 71) |

## I. INTRODUCTION

Currently pending before the Court is Defendants County of Kings ("the County") and Sgt. Sheri Henderson's ("Henderson") (collectively, "Defendants") motion for reconsideration (Doc. 76) of this Court's order granting in part and denying in part Defendants' motion for summary judgment. Doc. 71, *Cotta v. Cnty. of Kings*, __ F. Supp. 3d __, 2015 WL 106362 (E.D. Cal. Jan. 7, 2015) ("the MSJ Order"). Specifically, Defendants request that the Court reconsider its decision concerning Plaintiffs'[1] second cause of action against the County for *Monell*[2] liability and Plaintiffs' fourth cause of action for violation of their Fourteenth Amendment due process rights. *Id.* at 1.

The Court did not set a hearing for the motion and the parties did not request one. The Court finds it appropriate to rule on the motion without oral argument. *See* Local Rule 230(g). For the

---

[1] Plaintiffs are Yvonne Cotta, individual and as the personal representative of John Cotta ("Decedent"), as well as Madison Cotta and Kaylianna Cotta, who are Decedent's children and heirs.

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

1

following reasons, the Court GRANTS Defendants' motion for reconsideration.

## II. FACTUAL AND PROCEDURAL BACKGROUND

A full recitation of the facts and procedural history of the case is contained in the MSJ Order. *See Cotta*, 2015 WL 106362, at *2-5. Only a brief recitation of the pertinent facts and procedural history necessary to resolve Defendants' motion for reconsideration follows.

Plaintiffs are relatives of Decedent, who was killed by his cellmate, Heath Parnell ("Parnell"), while incarcerated at the Kings County Jail ("the jail"). *Id.* at 5. Decedent and Parnell were co-defendants and were convicted by a jury for the crimes with which they were charged. *Id.* at 4. Parnell killed Decedent the night before he and Decedent were to be sentenced. The alleged reason Parnell killed Decedent was because Decedent's defense at trial was adverse to Parnell. *Id.* at 5.

During the trial, Decedent's attorney, Christopher Caine ("Caine"), spoke with County bailiffs at the County court cell where Decedent and Parnell were housed during their trial. *Id.* at 26-27. As explained in the MSJ Order,

> Caine expressed his concern about Decedent's being housed with Parnell to the court bailiffs at the County court cell. He "expressed the belief that [Decedent and Parnell shouldn't]" be housed together because Parnell posed a threat to Decedent's safety due to "what happened in the vehicle involved in the commission of [Parnell's and Decedent's] crimes." According to Caine, he talked with the bailiffs that "there was something missing, something loose with [Parnell]," and "[i]t's for that reason that the bailiffs wouldn't have them in the same cell." Caine discussed with court bailiffs his belief that Parnell posed a danger to Decedent's safety "on a few occasions." Caine does not recall expressing his concern about Decedent and Parnell being housed together to any other County staff.

*Id.* (citations omitted).

Plaintiffs filed this case on March 12, 2013. Doc. 1. Plaintiffs filed a first amended complaint on August 4, 2013 (Doc. 26) and a second amended complaint ("the SAC")—currently the operative complaint—on May 28, 2014. Doc. 47. In the SAC, Plaintiffs alleged claims under 42 U.S.C. § 1983 ("§ 1983") for violation of their civil rights under the Eighth and Fourteenth Amendments, among other claims. *See* SAC at 1. Plaintiffs' second cause of action is a *Monell* claim against the County and their fourth cause of action is for violation of their Fourteenth Amendment due process rights. *Id.* at 9, 11.

As noted in the MSJ Order, "neither the SAC nor Plaintiffs' opposition with regard to [their *Monell* claim] is a model of clarity," but the claim "appears to contain two theories of County liability." *Cotta*, 2015 WL 106362, at *20. At issue here is one of those apparent theories of County liability under *Monell*. Based on the SAC, Plaintiffs' pleadings, and Plaintiffs' discussion of the evidence, it appeared that Plaintiffs' *Monell* claim was premised on a theory that "the jail exhibited deliberate indifference by failing to implement a policy to ensure that information relevant to the decision to house co-defendants together is communicated to the appropriate housing authorities at the jail." *Id.* at 31.[3]

The Court found that a genuine issue of material fact remained as to whether the County is liable under that theory of *Monell* liability. *Id.* Specifically, the Court found that a genuine issue of material fact exists as to whether the County is liable under *Monell* because the County bailiffs did not relay Caine's concern about Decedent's being housed with Parnell to appropriate housing authorities at the jail or any other appropriate County authorities. *See id.* Accordingly, the Court denied Defendants' motion for summary judgment on the claim. Based on that finding, the Court likewise denied Defendants' motion for summary judgment on Plaintiffs' Fourteenth Amendment claim against the County as the Court found it to be contingent on Plaintiffs' *Monell* claim. *See id.* at 28.

Defendants move for reconsideration of the Court's denial of Defendants' motion for summary judgment on Plaintiffs' *Monell* and Fourteenth Amendment due process claims on the ground the Court mischaracterized Plaintiffs' theory of the County's liability for Plaintiffs' *Monell* claim.[4] *See* Doc. 76-1 at 4-5. Defendants claim that "the theory of [*Monell*] liability addressed by the Court was never alleged in Plaintiffs' SAC or discovery responses." *Id.* Defendants assert that "[n]owhere [in the SAC] . . . do Plaintiffs mention inadequate jail policies requiring County staff to relay information that may affect inmate safety to the jail's housing authorities," and "nowhere in Plaintiffs' discovery responses do they

---

[3] For clarity, the Court will refer to this theory of *Monell* liability as "the jail housing policy theory."

[4] Because the Court grants Defendants' motion for reconsideration, Defendants' request for leave to file a supplemental motion for summary judgment in the alternative, *see* Doc. 76-1 at 2, is DENIED as moot.

allege any issue with respect to a lack of any policy requiring County personnel to alert jail staff of a perceived risk to inmate safety that is explicitly brought to their attention." *Id.* at 4. Defendants argue that "[t]he portions of Defendants' motion that were denied were based on allegations that had never been raised in either the Plaintiffs' SAC or discovery responses" and, therefore, "they were not addressed in Defendants' motion for summary judgment." *Id.* In support, Defendants provide a series of Plaintiffs' contention interrogatory responses served in March 2014. Doc. 76-2. Accordingly, "Defendants contend the Court committed clear error in denying Defendants' motion [for summary judgment] on the grounds that it did" and that "the Court's decision was manifestly unjust." *Id.* at 3.

Plaintiffs oppose Defendants' motion for reconsideration. *See* Doc. 81. The thrust of Plaintiffs' opposition is that the SAC and Plaintiffs' contention interrogatory responses put Defendants on notice of the basis for Plaintiffs' *Monell* claim (as the Court construed it), which satisfies the requirements of Fed. R. Civ. P. 8. *See id.* at 2.[5] Specifically, Plaintiffs assert that paragraphs 19 through 23 of the SAC put Defendants on notice of the basis for the claim. *See id.* In particular, Plaintiffs cite to paragraphs 19 and 22, which read in full:

> 19. <u>Plaintiffs are informed and believe that the defendants were deficient in their customs, policies and practices</u>, and also in their supervision of both inmates and line staff regarding recognizing impending conflict and preventing acts of violence. These failures are directly attributable to the failures and misconduct of Kings County, Sgt. Henderson, and the other defendants. Plaintiffs further contend that the above facts put the defendants, particularly Sgt. Henderson, on notice of the risk that Cotta was placed at by continuing to be housed with Parnell after their joint trial with adverse defenses resulted in a conviction. Despite those risks, Parnell and Cotta were not separated, they were not put in protective housing, and they were not subject to increased monitoring or other safety measures. <u>Nor were any other safety measures, such as increased staffing or widespread communication of the very discernible potential for violence, undertaken</u>.
>
> 22. The Kings County jail personnel were inadequately trained because they were not taught to evaluate and monitor the risks inherent in permitting codefendants, and even convicted codefendants who both went to trial and whose defenses were adverse, to remain housed together both through trial and post-trial. Moreover, as the foregoing alleged facts showed, <u>there was a clear lack</u> of supervision and <u>review/reconsideration of these risky placements</u>, even in cases such as the one at issue, where the codefendants' repeated incidents and lengthy potential

---

[5] Plaintiffs provide no argument concerning their Fourteenth Amendment due process claim in their opposition to Defendants' motion for reconsideration. *See* Doc. 81 at 1-5. Rather, Plaintiffs address only their *Monell* claim. *See id.*

sentences indicated an even greater risk of harm.

Doc. 81 at 2 (quoting SAC at ¶¶ 19, 22) (emphasis in original). Plaintiffs assert "there is no impermissible disconnect between [these] allegations . . . and the Court's finding[s]" in the MSJ Order. *Id.* at 3.

Plaintiffs also argue that Defendants were on notice of their *Monell* claim because they incorporated their pleading allegations by reference in their contention interrogatory responses and reiterated their position that the County failed to place Decedent and Parnell on higher security alerts, yet Defendants' only objection to the contention interrogatories was that they sought early disclosure of expert opinions. *Id.* at 3-4. Plaintiffs claim that subsequent discovery "reinforced and amplified Plaintiffs' contention interrogatory responses." *Id.* at 4. Specifically, Plaintiffs assert subsequent witness deposition testimony put Defendants on notice of the basis for Plaintiffs' *Monell* claim. *Id.* Plaintiffs note that Caine's deposition, in which he explained his interactions with the County bailiffs, did not take place until months after they had filed the SAC and submitted their contention interrogatory responses, but Plaintiffs assert they were not required to supplement their earlier contention interrogatory responses to reflect Caine's testimony. *See id.* at 4 n.1. In summary, Plaintiffs maintain that the Court did not commit clear error in denying Defendants' motion for summary judgment, and permitting that decision to stand would not constitute manifest injustice. *Id.* at 5.[6]

### III. STANDARD OF DECISION

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and

---

[6] Plaintiffs alternatively argue that Defendants should not be allowed to file a second summary judgment motion because doing so would require a showing of manifest injustice. Doc. 81 at 5. Because the Court will not permit a second summary judgment motion, the Court need not address that argument.

5

recapitulation" of that which was already considered by the Court in rendering its decision. *United States. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

## IV. ANALYSIS

The Court finds that it committed clear error in denying Defendants' motion for summary judgment on Plaintiffs' *Monell* claim. Because Plaintiffs' Fourteenth Amendment claim is contingent on their *Monell* claim, *see Cotta*, 2015 WL 106362, at *27-28, the Court also committed clear error in denying Defendants' motion for summary judgment on that claim.

Plaintiffs maintain that the SAC's allegations and evidence obtained during discovery put Defendants on notice of the basis for their supposed jail housing policy theory of *Monell* liability. To the extent Plaintiff relies on the SAC as providing Defendants notice of the nature for their claim, the Court finds that the pertinent allegations (*i.e.*, paragraphs 19 through 23 of the SAC) are too vague to have provided Defendants fair notice of the jail housing policy theory.[7] As Plaintiffs effectively acknowledge in their opposition to Defendants' motion for reconsideration, the SAC does not contain any allegations concerning Caine, the County bailiffs, or their conversations with one another. Nor does the SAC contain any allegations concerning a County policy (or lack thereof) that would require the County bailiffs (or other County employees) to relay information bearing on inmate safety to the appropriate housing authorities at the jail.

---

[7] Plaintiffs do not point to other allegations in the SAC to support their assertion that Defendants were on notice of the jail housing policy theory, and the Court does not find any other allegations to be relevant to that theory.

6

At best, the SAC vaguely alleges that no "safety measures, such as increased staffing or widespread communication of the very discernible potential for violence, [were] undertaken" at the jail. SAC at ¶ 19. But the Court cannot permit Plaintiffs to "make vague and generic allegations in [their] complaint and simply add facts as discovery goes along without amending the complaint because to do so 'would read the 'fair notice' requirement out of Rule 8(a) and would seriously undermine the rule's goal of encouraging expeditious resolution of disputes.'" *Adobe Lumber, Inc. v. Hellman*, No. 2:05-1510 WBS EFB, 2010 WL 760826, at *5 (E.D. Cal. Mar. 4, 2010) (quoting *Pickern v. Pier 1 Imports (U.S.), Inc.*, 339 F. Supp. 2d 1081, 1088 (E.D. Cal. Sept. 30, 2004)), *aff'd*, 457 F.3d 963 (9th Cir. 2006). Simply put, the SAC's allegations are too vague to have put Defendants on fair notice of the jail housing policy theory. Although the SAC indisputably provided fair notice to Defendants that they were pursuing a *Monell* claim, the SAC's allegations were insufficient to put Defendants on notice of that theory or its underlying factual bases, and Plaintiffs may not pursue the theory at the summary judgment stage. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) ("[O]ur precedents make clear that where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court"); *Patel v. City of Long Beach*, 564 Fed. App'x 881, 882 (9th Cir. 2014) ("Allowing a plaintiff to proceed on a new theory [at the summary judgment stage] would prejudice defendants").

This conclusion is supported by the fact that Caine's deposition, which was the source of the information concerning his discussion with the County bailiffs, did not occur until August 2014— toward the end of discovery, approximately three months after Plaintiffs filed the SAC, and approximately five months after Plaintiffs submitted their contention interrogatory responses. *See* Doc. 81 at 4 n.2. Accordingly, because Plaintiffs' contention interrogatories were served prior to Caine's deposition, there is no indication in any of them that Plaintiffs were proceeding on a *Monell* claim based on Caine's discussion with the County bailiffs, which was a factual predicate underlying the Court's understanding of the jail housing policy theory. And, as Plaintiffs acknowledge, their contention

interrogatory responses do not contain any allegations or information concerning a County policy (or lack thereof) regarding County employees' duty (if any) to relay information pertinent to inmate safety to appropriate housing authorities if and when it comes to their attention. *See* Doc. 81 at 3-4.

Moreover, Plaintiffs obtained information from Caine concerning his discussions with the County bailiffs approximately three months before Defendants filed their motion for summary judgment, yet Plaintiffs made no effort to incorporate that information into their *Monell* claim. If Plaintiffs were proceeding on a *Monell* claim premised on Caine's discussions with the County bailiffs, Plaintiffs reasonably would have (or should have) incorporated his deposition testimony by, for example, moving to amend the SAC. *See Pickern*, 457 F.3d at 969 ("Although the new allegations were not part of the original complaint, [the plaintiff] might have proceeded by filing a timely motion to amend the complaint."). Plaintiffs, however, did nothing between August 2014, when they deposed Caine, and November 2014, when Defendants moved for summary judgment. *See* Docs. 56-60.

Finally, Plaintiffs argue that Defendants were on notice of the basis for the jail housing policy theory because "in response to several contention interrogatories regarding their *Monell* theories, the plaintiffs also reiterated that [the] County did not place [Decedent] . . . and Parnell on higher security alerts." Doc. 81 at 3. Plaintiffs claim that "'alert' can include a message that tells people there is some danger or problem" and, therefore, the County's "policies were found deficient by the Court precisely because they did not require any staff member to issue an alert." *Id.* at 3 n.3. Again, this assertion is too vague to support Plaintiffs' contention that Defendants were on notice of the jail housing policy theory.

Given these facts, the Court concludes that, in construing the nature and bases for Plaintiffs' *Monell* claim, as iterated in the SAC and Plaintiffs' opposition to Defendants' motion for summary judgment, the Court misinterpreted and mischaracterized Plaintiffs' theory of the County's *Monell* liability. The Court incorrectly perceived Plaintiffs to be asserting the jail housing policy theory as the partial basis for their *Monell* claim. In doing so, the Court committed clear error.

At this stage in the litigation—after discovery has closed, after Defendants have moved for

Case 1:13-cv-00359-LJO-BAM   Document 84   Filed 02/09/15   Page 9 of 9

summary judgment, after almost six months have passed since Plaintiffs discovered evidence that apparently altered their theory of liability (*i.e.*, Caine's deposition), and with trial set to begin in less than two weeks—permitting Plaintiffs to assert a theory of liability of which Defendants had no fair notice would prejudice Defendants. *See Adobe Lumber*, 2010 WL 760826, at *5; *Patel*, 564 Fed. App'x at 882. Even if the Court were to construe the jail housing policy theory to be an argument solely on new facts (as opposed to a new theory of *Monell* liability), the Court finds "an argument based on new factual bases, akin to one based on new legal theories, to be improperly raised on summary judgment." *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-1281-KJM-AC, 2014 WL 1330754, at *4 (E.D. Cal. Marc. 28, 2014).

The Court finds that Defendants therefore are entitled to summary judgment on Plaintiffs' *Monell* claim and, in turn, are entitled to summary judgment on Plaintiffs' Fourteenth Amendment due process claim. *See Cotta*, 2015 WL 106362, at *27-28. Accordingly, the Court GRANTS Defendants' motion for reconsideration.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court:

1. GRANTS Defendants' motion for reconsideration (Doc. 76);

2. GRANTS Defendants' motion for summary judgment on Plaintiffs' *Monell* claim and Fourteenth Amendment due process claim (Doc. 60) in Defendants' favor and against Plaintiffs;

3. VACATES all pending deadlines in this case; and

4. DIRECTS the Clerk of Court to CLOSE this case.

IT IS SO ORDERED.

Dated:   **February 9, 2015**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE