# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE COTTA, individually and as representative of the ESTATE OF JOHN COTTA, and the heirs of the ESTATE OF JOHN COTTA,<br><br>Plaintiffs,<br><br>v.<br><br>SHARI HENDERSON, Lieutenant,<br><br>Defendant. | Case No. 1:13-cv-00359-BAM<br><br>ORDER VACATING HEARING OF MARCH 30, 2018<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF AND RELIEF FROM JUDGMENT IN FAVOR OF DEFENDANT SGT. SHARI HENDERSON<br><br>(Doc. No. 106) |

Currently pending before the Court is the motion of Plaintiffs Yvonne Cotta, individually and as a representative of the Estate of John Cotta, and the heirs of the Estate of John Cotta ("Plaintiffs) seeking reconsideration of the District Court's order issued on January 7, 2015, granting summary judgment in favor of Defendant Shari Henderson on Plaintiffs' civil rights claim for deliberate indifference in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(2) based on purported newly discovered evidence. Doc. No. 106, at p. 1. Defendant Henderson opposed the motion on March 14, 2018,[1] and Plaintiffs replied on March 18, 2018. Doc. Nos. 111, 112, 113.

---

[1] Defendant Henderson filed two oppositions to the motion for reconsideration, Docket Numbers 111 and 112. The Court could ascertain no apparent difference between the two documents.

1

The Court finds the motion suitable for resolution without the necessity of oral argument, and HEREBY VACATES the hearing scheduled for March 30, 2018. Local Rule 230(g). Having considered the moving papers, opposition, reply, and the Court's file, the Court finds that Plaintiffs' motion for reconsideration should be DENIED.

**I.      Relevant Background**

The parties are familiar with the facts and procedural history of this action. The Court therefore sets forth only a brief recitation of the pertinent facts and procedural history necessary to resolve Plaintiffs' motion for reconsideration.

Plaintiffs are relatives of decedent James Cotta ("Decedent"), who was killed by his cellmate, Heath Parnell ("Parnell"), while incarcerated at the Kings County Jail. Doc. No. 47, Second Amended Complaint ("SAC") ¶¶ 4, 5. Decedent and Parnell were co-defendants and were convicted by a jury for the crimes with which they were charged. *Id.* at ¶ 15. Parnell killed Decedent the night before he was to be sentenced. *Id.* at ¶ 18. Parnell allegedly killed Decedent, in part, because Decedent's defense at trial was adverse to Parnell. *Id.* at ¶¶ 15, 17.

Plaintiffs filed this case on March 12, 2013. Doc. No. 1. In the operative second amended complaint, Plaintiffs initially asserted six causes of action. *See generally* SAC. Two of those causes, the third and fifth claims, were withdrawn and dismissed with prejudice. *See* Doc. No. 71 at pp. 5-6, n. 6. Defendant Henderson and Kings County moved for summary judgment on the remaining causes of action: Plaintiffs' first, second, fourth and sixth claims for relief. Plaintiffs' first claim was brought against Defendant Henderson under 42 U.S.C. § 1983 for deliberate indifference to Decedent's safety needs in violation of Decedent's Eighth and Fourteenth Amendment Rights. SAC at ¶¶ 25-28. Plaintiffs' second claim was a *Monell*[2] claim for municipal liability against Kings County. *Id.* at ¶¶ 29-32. Plaintiffs' fourth claim was brought against Defendant Henderson and Kings County under § 1983 for Plaintiffs' loss of familial relations with Decedent in violation of their Fourteenth Amendment rights. *Id.* at ¶¶ 38-41. Plaintiffs' sixth claim was for wrongful death against Defendant Henderson and Kings

---

[2]      *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

2

County under California Code of Civil Procedure § 377.60 *et seq. Id.* at ¶¶ 50-53.

On January 7, 2015, the District Court granted in part and denied in part the motion for summary judgment. Specifically, the District Court (1) granted summary judgment in favor of Defendant Henderson on Plaintiffs' deliberate indifference claim brought pursuant to § 1983, (2) denied summary judgment on the *Monell* claim against Kings County based on the jail's housing policy, but granted summary judgment in the County's favor on Plaintiffs' theory that the jail's staffing policy was unconstitutional; (3) granted summary judgment in favor of Defendant Henderson on Plaintiffs' Fourteenth Amendment claim, but denied the motion as to the County; and (4) granted summary judgment in favor of Defendant Henderson and the County on Plaintiffs' wrongful death claim. Doc. No. 71.

On January 12, 2015, Kings County moved for reconsideration of the District Court's order on summary judgment. Specifically, Kings County sought reconsideration of the District Court's decision denying summary judgment on the *Monell* claim and the Fourteenth Amendment claim. Doc. No. 76. On February 9, 2015, the District Court granted the motion for reconsideration, granted summary judgment in favor of Kings County on Plaintiffs' *Monell* claim and in favor of Kings County and Defendant Henderson on Plaintiffs' Fourteenth Amendment claim. Doc. No. 84. Judgment was entered in favor of Kings County and Defendant Henderson the same day. Doc. No. 85.

On March 5, 2015, Plaintiffs appealed the judgment. Doc. No. 88.

On April 6, 2017, the Ninth Circuit Court of Appeals affirmed the District Court's grant of summary judgment on Plaintiffs' section 1983 claims against Defendant Henderson and affirmed the District Court's grant of summary judgment on Plaintiffs' *Monell* claims, but determined that the District Court erred in dismissing Plaintiff's wrongful death claim against Defendant Henderson. The appellate court therefore remanded the wrongful death claim back to this Court. Doc. No. 92. The Ninth Circuit issued its mandate on May 1, 2017. Doc. No. 93.

Plaintiffs now move for reconsideration of the District Court's ruling on the § 1983 deliberate indifference claim against Defendant Henderson, citing "newly discovered" evidence in the form of testimony from Leonard L. Silicato II. Doc. No. 106. According to a declaration

3

submitted by Plaintiffs' counsel, counsel learned in October 2017 that Mr. Silicato, a friend of the Decedent, was allegedly incarcerated at the same time as the decedent. Doc. No. 106, Supporting Declaration of Kevin G. Little ("Little Decl.") at ¶ 2. Over the next four months, counsel and his staff made multiple attempts to locate Mr. Silicato, including through social media. *Id.* at ¶ 3(1).[3] On February 19, 2018, Mr. Silicato finally responded to a social media post, and spoke to Plaintiffs' investigator on February 20, 2018, during which time it reportedly was revealed "that Mr. Silicato had knowledge of significant prior tensions between the decedent and his co-housed murderer, Heath Parnell, even before the day of the killing and that jail staff were aware of these circumstances." *Id.* at ¶ 3(2). Plaintiffs' counsel notified defense counsel of this information on February 20, 2018. *Id.* at ¶ 4. Thereafter, on February 21, 2018, defense counsel advised that Mr. Silicato's statements were contradicted by jail housing records. *Id.* and Attachment 4. On February 28, 2018, Mr. Silicato contacted Plaintiffs' counsel's office regarding a proposed declaration sent to him on February 21, 2018. Mr. Silicato confirmed that the proposed declaration was accurate and agreed to sign it. Mr. Silicato also authorized Plaintiffs' counsel to utilize his electronic signature pending receipt of the original. *Id.* at ¶ 5.

In his declaration, Mr. Silicato states that he knew Decedent personally for approximately 15 years before his death in 2012. He also knew of Heath Parnell prior to the arrests of Decedent and Parnell. Declaration of Lenoard L. Silicato II ("Silicato Decl." at ¶ 3; Doc. 106, Ex. B to Little Decl. Mr. Silicato declares that he was in custody at the Kings County Jail in April 2012. On April 19, 2012, he was sentenced to four days in jail, but was given credit for two days that he served prior to his court appearance. Silicato Decl. at ¶ 4. During his time in custody at the Kings County Jail, Mr. Silicato saw that Decedent and Parnell were being co-housed and it was evident that there was significant tension between them. Mr. Silicato further declares that he "personally observed several altercations between them that required the response of correctional officers" and "also saw that [Decedent] had a black eye." *Id.* at ¶ 5. He also heard Decedent "complain to correctional officers that his being housed with Parnell was presenting problems for

---

[3] Counsel's declaration contains two paragraphs numbered "3." The Court therefore identifies them sequentially as "3(1)" and "3(2)" for ease of reference.

him and ask to be moved to another cell." *Id.* Mr. Silicato also states that in response to Decedent's request to be reassigned to another cell, he "overheard corrections officers tell him that there was nothing that could be done immediately, and that any changes would have to be approved by the sergeant in charge of housing assignments." *Id.* at ¶ 6. Mr. Silicato does not remember the sergeant's name, but knows that she was female. He recalls having an interaction with her in connection with being booked in the jail. *Id.* Mr. Silicato also recalls that there was an overcrowding issue at the jail and he was not able to be placed in the location to which he was assigned. *Id.* at ¶ 7. Mr. Silicato avers that there is no doubt in his mind that he was housed in an area where he could see the interaction between Decedent and Parnell while at the jail and if there are any records suggesting otherwise, they are incorrect. *Id.*

**II. Legal Standard**

Rule 60(b) of the Federal Rule of Civil Procedure governs the reconsideration of final judgments or orders of the district court. Rule 60(b)(2) permits a district court to relieve a party from a final order or judgment on grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." A motion under rule 60(b)(2) must be made within a reasonable time and "no more than a year after the entry of the judgment or order . . . ." Fed. R. Civ. P. 60(b)(c)(1).

Generally, a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why

5

the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

### III. Discussion

Plaintiffs' motion for reconsideration, filed more than three years after entry of judgment, is untimely. This Court lacks jurisdiction to grant relief as requested under Federal Rule of Civil Procedure 60(b)(2). Fed. R. Civ. P. 60(c)(1); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989) (district court lacked jurisdiction to consider Rule 60(b)(2) motion not filed within one year of entry of judgment; one-year limitation period not tolled during appeal). Because the motion was filed beyond the one year limitation period, this Court lacks jurisdiction to consider it. *Id.*

Plaintiffs do not dispute that the motion for reconsideration is untimely. Instead, in their reply brief, Plaintiffs argue that the Court may still consider whether reconsideration is warranted under Rule 60(b)(6), which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief," and which is not subject to the same one-year time limitation as a Rule 60(b)(2) motion. Doc. No. 113 at pp. 1-2. Plaintiffs' argument is not persuasive. A motion filed under Rule 60(b)(6) must be based on grounds other than those listed in 60(b)(1) through (b)(5). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 1988) (Rule 60(b) motion may not be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)"); *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) ("A motion brought under 60(b)(6) must be based on grounds other than those listed in the preceding clauses."). Plaintiffs have not identified any ground for relief under Rule 60(b)(6) that is materially different from the ground that Plaintiffs offered under Rule 60(b)(2), i.e. newly discovered evidence. In other words, Rule 60(b)(6) is inapplicable to Plaintiffs' arguments regarding newly discovered evidence.

Even if Plaintiffs' motion were timely, however, it likely would fail. First, Plaintiffs fail to adequately explain why, with reasonable diligence, they could not have identified Mr. Silicato during the course of discovery. Fed. R. Civ. P. 60(b)(2). Plaintiffs suggest that counsel is not required to be "clairvoyant, especially since the defendants denied in discovery and depositions—all of which is already part of the summary judgment record—that any incident such as what

Silicato describes ever occurred." Doc. No. 113 at p. 2. Plaintiffs' suggestion is not well taken. The purpose of discovery is, in part, to identify percipient witnesses. Indeed, Plaintiffs fail to cite their efforts, if any, to identify witnesses such as Mr. Silicato during the course of discovery in this action. Simply citing purported denials by defendants does not sufficiently demonstrate the requisite diligence.

Second, and more importantly, Plaintiffs' motion also likely would fail on the merits. In granting summary judgment in favor of Defendant Henderson on the deliberate indifference claim, the District Court determined that there was "no evidence that Decedent informed jail staff, including Henderson, that he considered Parnell to be a threat. Simply stated, Plaintiffs have proffered no evidence showing that Henderson was on notice that Parnell posed a threat to Decedent's safety." Doc. No. 71 at p. 20. Mr. Silicato's declaration does not call into question the District Court's analysis. Plaintiffs argue that Mr. Silicato "overheard that the officers were going to bring [Decedent's] request to be moved to [Defendant] Henderson's attention." Doc No. 113 at p. 2 This is a mischaracterization of Mr. Silicato's testimony. At best, Mr. Silicato declares that he overheard officers saying "that any housing changes would have to be approved by the sergeant in charge of housing assignments." Silicato Decl. at ¶ 6. However, there is nothing in this statement (or even in the remainder of Mr. Silicato's declaration) evidencing that these same officers planned to or, in fact, brought Decedent's request to be moved to Defendant Henderson's attention. There also is nothing in Mr. Silicato's declaration indicating that Decedent or jail staff informed Defendant Henderson that Parnell posed a threat to Decedent's safety or that Defendant Henderson was aware of any of the information reportedly witnessed by Mr. Silicato as expressed in his declaration.[4] This evidence, even if considered, does not raise an

---

[4] Defendant Henderson also contends that Mr. Silicato's declaration lacks credibility, citing jail records indicating that Mr. Silicato was not in the same housing unit as Decedent and Parnell. Doc. 112, Ex. 3; Declaration of Lieutenant Shari Henderson at ¶¶ 3, and Ex. 1. Based on his housing assignment, Defendant Henderson declares that there would not have been any opportunity for contact between Mr. Silicato and either Decedent or Parnell and that Mr. Silicato would not have been able to see Decedent and Parnell from his housing unit. *Id.* at ¶ 4. It is unnecessary to address the credibility of Mr. Silicato's statements given the Court's determination that the instant motion is untimely and likely would fail on the merits.

issue of fact that Defendant Henderson was on notice that Parnell posed a threat to Decedent's security.

### IV. Conclusion and Order

As stated above, Plaintiffs' motion for reconsideration is untimely and the court therefore lacks jurisdiction to grant the requested relief. Fed. R. Civ. P. 60(c)(1). Accordingly, Plaintiffs' motion for reconsideration of and relief from judgment in favor of Defendant Sgt. Shari Henderson (Doc. No. 106) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **March 21, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE