UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE COTTA, individually and as representative of the ESTATE OF JOHN COTTA, and the heirs of the ESTATE OF JOHN COTTA,<br><br>Plaintiffs,<br><br>v.<br><br>SHARI HENDERSON, Lieutenant,<br><br>Defendant. | Case No. 1:13-cv-00359-BAM<br><br>**ORDER REGARDING PETITION FOR APPROVAL OF SETTLEMENT AND COMPROMISE OF MINORS' CLAIMS**<br>(Doc. No. 122) |

## I. INTRODUCTION

On August 4, 2018, Plaintiffs Yvonne Cotta, individually and as a representative of the Estate of John Cotta and the heirs of the Estate of John Cotta ("Plaintiffs") filed a petition to approve the proposed settlement with Defendant Shari Henderson ("Defendant"). (Doc. No. 21.) Madison Cotta and Kaylianna Cotta are minors and heirs of the decedent, John Cotta. The petition was not set for hearing, and the matter is deemed submitted. Local Rule 230.

Having considered the petition, the terms of the settlement, and the record in this matter, the Court finds that the proposed settlement agreement is fair and reasonable. For the reasons that follow, the Petition for Approval of Settlement and Compromise of Minors' Claims is APPROVED and GRANTED.

///

1

## II. FACTUAL BACKGROUND

Plaintiffs initiated this action on March 12, 2013. (Doc. No. 1.) It arises from the death of John Cotta, who was killed by his cellmate, Heath Parnell, while incarcerated at the Kings County Jail. Following summary judgment, an appeal and a remand by the Ninth Circuit Court of Appeals, the only remaining claim in this action is one for wrongful death against Defendant Shari Henderson. The parties reached a voluntary settlement of this action shortly before trial. (Doc. Nos. 118, 119). According to the petition, Madison's mother and legal guardian, Natalie Davis, has agreed to the settlement and authorized Yvonne Cotta, the appointed guardian ad litem, to approve it. Kaylianna's mother and legal guardian, Ashely Bridger, also has agreed to the settlement and has authorized Yvonne Cotta to approve it. (Doc No. 122 at 2.) Defendant has not objected to the petition.

On August 28, 2018, after review of the petition, and in the best interests of the minors, the Court directed the parties to establish interest-bearing blocked trust accounts at an FDIC banking institution(s) for the benefit of each of the minors, Madison Cotta and Kaylianna Cotta. (Doc. No. 125.)

In compliance with the Court's order, on September 6, 2018, Plaintiffs' counsel submitted information to the Court by electronic mail pertaining to a savings account set up for Madison Cotta at Tucoemas Federal Credit Union, and on September 12, 2018, Plaintiffs' counsel submitted information to the Court by electronic mail pertaining to a savings account set up at SunTrust Bank for Kaylianna Cotta. The information has not been filed on the Court's docket.

**Terms of Settlement**

Defendant has agreed to pay $35,000 to settle this action. According to the petition, $15,000 is apportioned to Yvonne Cotta, $5,000 is apportioned for attorneys' fees,[1] and $15,000 is apportioned to the minors, with $10,000 of that amount to Madison Cotta and $5,000 of that amount to Kaylianna Cotta. It is proposed that the settlement funds for the minors, Madison and Kaylianna, would be payable for their sole benefit to their respective parents, Natalie Davis and Ashley Bridger. (Doc. No. 122 at 2.)

---

[1] This amount is in addition to the $15,000 true retainer paid at the outset of the case. Thus, Plaintiffs' attorneys will receive a total fee award of $20,000. (Doc. No. 122 at 2.)

2

## III. DISCUSSION

### A. Relevant Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(2). Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

In addition to the foregoing requirements, Federal Rule of Civil Procedure 17(c) imposes on district courts a special duty to safeguard the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit's decision in *Robidoux* set forth guidelines for determining the reasonableness of a minor's settlement, and instructed district courts to "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82. Further, the Ninth Circuit directed that the fairness of each minor's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). Although *Robidoux* expressly limited its holding to cases involving

settlement of a minor's federal claims, *Id*. at 1179 n. 2, district courts also have applied this rule in the context of a minor's state law claims. *See Sykes v. Shea*, Civ. No. 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) (noting application of *Robidoux* to state law claims); *Frary v. Cty. of Marin*, No. 12-CV-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015) (discussing that "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well"); *see also Lobaton v. Cty. of San Diego*, No. 3: 15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. Jun. 16, 2017) (applying *Robidoux* to evaluation of minor's settlement where district court exercising supplemental jurisdiction over state law claims).

### B. Analysis

The petition in this case sets forth the required information. Madison Cotta is 16-years-old and Kaylianna Cotta is 11-years-old. Madison and Kaylianna Cotta are the daughters of decedent John Cotta, and the claim for negligence (wrongful death) arises out of the death of Mr. Cotta at the hands of his cellmate while incarcerated in the Kern County Jail. Plaintiffs seek recovery of damages. Further, Plaintiffs are represented by the Law Office of Kevin G. Little. Counsel accepted the engagement in this action based on a true retainer. Plaintiffs' counsel expects to receive compensation from settlement in the amount of $5,000, in addition to the retainer of $15,000 paid at the outset of this case. (Doc. 122 at 2.)

In the petition, counsel states that while the total settlement amount is small, prevailing at trial likely would have been costly and difficult, and counsel estimated only a 10-15 percent likelihood of a favorable verdict at trial. Counsel's assessment was based on the fact that the only remaining claim was negligence against Defendant Henderson, the classification officer, who approved the co-housing of the decedent and his cellmate more than a year before the death, was not on duty at the time of the incident, and "there was nothing showing she was aware of a brewing conflict between the decedent and his cellmate, who had previously requested to be co-housed." (Doc. No. 122 at 3.)

Counsel also explains that the proposed division of $15,000 between Madison and Kaylianna is because (a) Madison knew her deceased father, whereas Kaylianna did not, and Madison has therefore been more impacted by his death; (b) Madison was a willing participant in this case, whereas Kaylianna

4

was not; (c) Madison was the only child deposed, and she was also prepared and willing to testify at the scheduled trial, but Kaylianna was not; and (d) the proposed division has been negotiated and approved by the minors' respective parents, who have reasonably considered the attendant circumstances. (Doc. No. 122 at 2-3.) Yvonne Cotta, the representative of the estate and heirs reportedly also has approved the distribution amongst her grandchildren. (*Id.* at 3.)

Having considered the unopposed petition, the Court finds that the total settlement amount of $35,000 and the distribution of $15,000 between the two minors is fair and reasonable in light of the facts of the case, the specific claim, and recoveries in similar cases. *See, e.g., Armstrong v. Dossey,* Nos. 1:11-cv-01632-SKO, 2013 WL 4676541, at *5 (E.D. Cal. Aug. 30, 2013) (finding settlement of minors' claims for their father's death for $22,500 for minor with close relationship to father and $11,000 to minor with little to no relationship with father fair and reasonable); *Doe ex rel. Scott v. Gill,* 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) (finding settlement of minor's claims for the death of her mother for $7,188.85 fair and reasonable); *Swayzer v. City of San Jose,* No. C10-03119 HRL, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (finding settlement of minor's claims against the City for $2,054.17 fair and reasonable). Accordingly, the Court will approve the petition for minor's compromise.

### III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The Petition for Approval of Settlement and Compromise of Minors' Claims is GRANTED, and the terms of the settlement, including attorneys' fees, is APPROVED as fair and reasonable;
2. Minor Madison Cotta shall receive $10,000 by way of settlement;
3. Minor Kaylianna Cotta shall receive $5,000 by way of settlement; and
4. Defendant is directed to pay the $10,000 to Yvonne Cotta, as the guardian ad litem for Madison Cotta, a minor, in trust to the Law Office of Kevin G. Little, for deposit into the Tucoemas Federal Credit Union savings account numbered 12529307 until Madison Cotta reaches the age of majority;

5. Defendant is directed to pay the $5,000 to Ashley Bridger, as mother and legal guardian, for Kaylianna Cotta, a minor, in trust to the Law Office of Kevin G. Little, for deposit into the SunTrust Bank savings account numbered 1000205440000 until Kaylianna Cotta reaches the age of majority;

6. No withdrawals of principal or interest may be made from the accounts without a written order under this case name and number, signed by a judge, and bearing the seal of this Court, until the respective minors attain the age of 18 years. When the respective minors attain the age of 18 years, the depository, without further order of this Court, is authorized and directed to pay by check or draft directly to the former minor, upon proper demand, all moneys including interest deposited under this order. The money on deposit is not subject to escheat;

7. The accounts identified in this matter are to be solely for the benefit of the minors in this case and such funds placed, therein, cannot be accessed by anybody other than the respective minor plaintiff upon reaching the age of majority. The parents/guardian ad litem shall have no right to access any of the funds in such accounts for any reason; and

8. Plaintiffs' counsel shall have twenty-one (21) days following payment of the settlement proceeds to submit proof of the funding of the above-referenced accounts to the Court.

IT IS SO ORDERED.

Dated: **September 17, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE